UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

GWENDOLYN MARIE B.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 1:25-cv-00354-DKG

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

Plaintiff filed a Complaint for judicial review of the Commissioner's denial of her application for disability and disability insurance benefits. (Dkt. 1). Having reviewed the Complaint, the parties' memoranda, and the administrative record (AR), the Court will reverse and remand the decision of the Commissioner for the reasons set forth below.

## BACKGROUND

On February 14, 2022, Plaintiff protectively filed a Title XVI application for supplemental security income, alleging disability beginning on August 14, 2005. (AR 15). The alleged onset date was later amended to February 14, 2022. (AR 35). Plaintiff's

[1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

application was denied initially and on reconsideration. A hearing was conducted on May 7, 2024, before an Administrative Law Judge. (AR 15).

After considering testimony from Plaintiff and a vocational expert, the ALJ issued a written decision on June 2, 2024, finding Plaintiff not disabled. (AR 15-25). The Appeals Council denied Plaintiff's request for review, making the ALJ's decision final. *See* 42 U.S.C. § 405(h). Plaintiff timely filed this action seeking judicial review of the ALJ's decision. (Dkt. 1). The Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

Plaintiff was eighteen years of age on the date of the application and the amended alleged onset date. (AR 23). Plaintiff is a high school graduate and has no past relevant work experience. Plaintiff claims disability due to certain physical and mental impairments, including: autism, anxiety, depression, and asthma. (AR 53, 177).

**THE ALJ'S DECISION**

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920; *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)).

Here, at step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 14, 2022. (AR 17). At step two, the ALJ determined Plaintiff suffers from the following medically determinable severe impairments: autism spectrum

disorder, attention deficit hyperactivity disorder (ADHD), depressive disorder, anxiety disorder, and adjustment disorder. (AR 17). The ALJ concluded Plaintiff's obesity, asthma, and other medically determinable impairments were nonsevere. (AR 18).

At step three, the ALJ determined that, through the date last insured, Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (AR 18-19). The ALJ next found Plaintiff retained the Residual Functional Capacity (RFC) for a full range of work at all exertional levels with the following limitations:

> [Claimant] is limited as a result of her impairments and symptoms to performing work that is low stress in nature, defined as being limited to the performance of simple, routine, and repetitive tasks, in a work environment free of fast paced production requirements, one that involves only simple work related decisions, with few if any changes in the workplace, no required interpersonal interaction with members of the general public, and no more than occasional, non-intensive and non-collaborative interaction with co-workers and supervisors.

(AR 20-21).

Because Plaintiff had no past relevant work, the ALJ proceeded to step five and found there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. The ALJ therefore determined Plaintiff was not disabled from February 14, 2022, through the date of the decision. (AR 24-26).

## ISSUES FOR REVIEW

1. Whether the ALJ properly considered Plaintiff's subjective symptom statements.
2. Whether the ALJ properly evaluated the medical opinion evidence.
3. Whether the ALJ properly addressed Plaintiff's asthma.

## STANDARD OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error, or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). This requires "more than a mere scintilla" of evidence. *Id*.

The Court must consider the administrative record as a whole. *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). It must weigh both the evidence that supports, and the evidence that does not support, the ALJ's conclusion. *Id*.

If the ALJ's decision is based on a rational interpretation of conflicting evidence, the Court will uphold the ALJ's finding. *Carmickle v. Comm'r of Soc. Sec. Admin*., 533 F.3d 1155, 1165 (9th Cir. 2008). It is unnecessary for the ALJ to "discuss all evidence presented." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must, however, explain why "significant probative evidence has been rejected." *Id*.

## DISCUSSION

### 1. Plaintiff's Symptom Statements

Plaintiff argues the ALJ failed to provide clear and convincing reasons to disregard her subjective symptom statements. (Dkt. 16, 18). Defendant maintains the ALJ provided legally sufficient reasons to reject Plaintiff's statements. (Dkt. 17).

**A. Legal Standard**

The "subjective symptom evaluation is not an examination of an individual's character" but, rather, requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms. SSR 16-3p. Where the record contains objective medical evidence "establishing that the claimant suffers from an impairment that could reasonably produce the symptoms of which [s]he complains" and there has not been an affirmative finding of malingering, a claimant's subjective symptom testimony may only be rejected for clear and convincing reasons. *Carmickle*, 533 F.3d at 1160; *see also Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (The ALJ must provide specific, clear and convincing reasons for discounting a claimant's testimony about the severity of their symptoms.). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). "This is not an easy requirement to meet: 'the clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)). The clear and convincing standard does not require this Court to be convinced, but instead asks "whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). Where the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

**B. Plaintiff's Statements**

In the functional report, Plaintiff stated she had social anxiety and was uncomfortable around people her age. (AR 192, 196-197). Plaintiff's daily activities included feeding pets, watching television, doing schoolwork, reading, playing video games, and preparing simple meals. Plaintiff stated she was able to tend to her personal care and chores, but needed reminders. Plaintiff was able to drive but did not due to anxiety, and did not drive or go outside the home without being accompanied by a family member. (AR 194-195). Plaintiff's hobbies and interests include movies, sewing, reading, playing video games, anime and manga. She reported difficulty with completing tasks, concentration, following instructions, and getting along with others. (AR 197). During the hearing, Plaintiff testified that she changed to homeschooling in the fifth grade due to social anxiety. (AR 38-39). Plaintiff again stated she does not drive or leave home without a parent accompanying her and needs reminders to attend to self-care and chores. (AR 43-44). Plaintiff testified she was physically able to work. (AR 46).

**C. Analysis**

Following a cursory one-sentence summation of Plaintiff's symptom statements, the ALJ recited boilerplate language in finding that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of the symptoms were not entirely consistent with the medical evidence and other evidence in the record. (AR 21). The ALJ further concluded that Plaintiff's statements about the severity of her symptoms were less than fully consistent with the record as a whole,

including the objective findings. (AR 21).

The ALJ then discussed the medical evidence regarding Plaintiff's "primary limitations" involving interpersonal interaction, noting these limitations were "being addressed in therapy and with reports indicative of improvements in this domain of functioning." (AR 21). The ALJ recognized records indicating difficulties responding to nonverbal communication and deficits in pragmatic language skills, but also that records noted average and normal findings with other language skills, cognition, intelligence, memory, understanding, orientation, alertness, thought process, insight, judgment, concentration, cognition, perception, and speech. (AR 21-22). Relevant here, the ALJ observed that Plaintiff reported to engaging in a "rather wide and varied level of activities" and that "she is able to complete all activities of daily living independently." (AR 22). The ALJ next considered the medical opinion evidence, finding persuasive the opinions of the state agency psychological consultants and the consultative psychological examiner, each of which the ALJ found persuasive and consistent with the several normal findings in the medical evidence. (AR 22). The ALJ concluded that the "medical evidence and other evidence of record suggest that the claimant can sustain a greater capacity than she described at the hearing," and that her "subjective complaints and alleged limitations are not fully persuasive." (AR 23).

Plaintiff argues the ALJ erred in discrediting her symptom statements, because the decision overstated her daily activities and overemphasized a single notation in the consultative examination report stating she was independent in all of her activities of daily living. (Dkt. 16, 18). Plaintiff further asserts that the ALJ ignored or dismissed

records documenting the restrictions and limitations on her activities of daily living – citing primarily to records of reports by Plaintiff's mother. Defendant maintains that the ALJ's interpretation of the record and decision were reasonable and supported by substantial evidence. (Dkt. 17). For the reasons that follow, the Court finds the ALJ erred in discounting Plaintiff's symptom statements.

"Inconsistencies between a claimant's testimony and the claimant's reported activities [can] provide a valid reason for an adverse credibility determination." *Burrell v. Colvin*, 775 F.3d 1133, 1137-38 (9th Cir. 2014) (citation omitted). However, a claimant "does not need to be utterly incapacitated in order to be disabled," "'the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability.'" *Revels*, 874 F.3d at 667 (quoting *Benecke v. Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (quoting *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001))). Rather, to discredit testimony on this basis, an ALJ must connect the claimant's activities to the conclusion that they could spend a substantial part of their day engaged in "pursuits ... transferable to a work setting." *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) (quoting *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007)). "General findings [of credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). Merely listing a number of activities that the claimant performs, while failing to acknowledge aspects of the daily activity evidence that are consistent with the claimant's symptom statements is insufficient. *Revels*, 874 F.3d at 667–68.

Based on a review of the record, the Court finds that the ALJ's rejection of Plaintiff's symptom statements based on her daily activities is not supported by substantial evidence because the ALJ did not address evidence in the record that supported Plaintiff's statements regarding her symptoms. *See e.g., Holohan v. Massanari*, 246 F.3d 1195, 1207-08 (9th Cir. 2001) (ALJ erred by selectively relying on some entries in a plaintiff's records while ignoring others).

The ALJ listed certain of Plaintiff's reported daily activities and cited her statement to the consultative psychologist that she was able to engage in daily activities independently, as the bases for discrediting Plaintiff's statements about the severity of her anxiety and depression. (AR 22). However, the ALJ did not address the contradictory evidence in the record relevant to that finding. Namely, Plaintiff's statements that she was unable to leave home without a parent and needed reminders to perform self-care and chores. (AR 40, 43-44, 49, 194-195) (testifying that she did not drive, did not leave the house without a parent, and needed help remembering chores and self-care). In addition, the ALJ did not address the reports by Plaintiff's parents stating Plaintiff needed reminders and assistance to complete her daily activities. SSR 16-3p ("In considering the intensity, persistence, and limiting effects of an individual's symptoms, [the ALJ] examine[s] the entire case record, including…an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record."). Indeed, the decision is absent any discussion or acknowledgment of the records containing statements by Plaintiff's parents. (AR 184-

191, 243-244, 272-287).[2] Instead, the ALJ's assessment that Plaintiff is able to complete all activities of daily living independently was based primarily on a lone statement by Plaintiff during the psychological consultative evaluation. (AR 22, 366-368). The ALJ therefore relied only on some evidence in the record when rejecting Plaintiff's symptom statements, without addressing relevant contradictory information in the record.

Based on the foregoing, the Court finds that the ALJ erred by failing to discuss significant relevant and probative evidence in the record when evaluating Plaintiff's symptom statements. The ALJ's reasoning and decision to discredit Plaintiff's symptom statements was therefore not supported by substantial evidence. *Holohan*, 246 F.3d at 1207-08. It is possible that the ALJ found the contradictory evidence unpersuasive and, for that reason, did not lend any weight to it when assessing Plaintiff's statements. However, the absence of any acknowledgment or discussion of the contradictory evidence in the decision makes it impossible for the Court to discern the ALJ's reasoning for discrediting Plaintiff's statements and determine whether it was supported by substantial evidence. *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The ALJ therefore failed to provide a clear and convincing reason for discrediting her symptom statements based on her ability to engage in a wide range of daily activities independently. *Smartt*, 53 F.4th at 499 ("[T]he 'clear and convincing' standard requires

---

[2] The Ninth Circuit recently held that competent lay testimony cannot be disregarded without comment and that an ALJ must give at least some germane reasons for discrediting lay testimony. *Fain v. Bisignano*, 2026 WL 2795427, at *5-6 (9th Cir. Sept. 18, 2026). The ALJ did not do so here. (AR 15-25). However, Plaintiff did not raise this error in the opening brief. (Dkt. 16). The Court therefore does not remand on that basis, but notes the issue as it should be addressed on remand. *Bray v. Comm'r Soc. Sec. Admin*., 554 F.3d 1219, 1226 n. 7 (9th Cir. 2009); *Carmickle*, 533 F.3d at 1161 n. 2 (9th Cir. 2008).

the ALJ to show [their] work….”).

Contrary to Defendant’s assertion, the ALJ’s failure to address this relevant contradictory evidence was not merely a differing interpretation of the record. (Dkt. 17). The ALJ plainly ignored the several records containing reports that Plaintiff was not independent in “all of her activities of daily living” – including Plaintiff’s own testimony during the hearing. (AR 22). As such, the Court finds the ALJ’s decision to discredit Plaintiff’s symptom statements because she was able to independently engage in a wide and varied level of daily activities was not a clear and convincing reason supported by substantial evidence.

Defendant argues any error was harmless because the ALJ provided another valid clear and convincing reason to discredit Plaintiff’s statements based on the effectiveness of treatment and improvement. (Dkt. 17 at 4). The record cited by the ALJ as indicating improvement of Plaintiff’s limitations with interpersonal interactions was a 2024 speech language pathology progress report stating Plaintiff had made progress with three treatment goals related to conversations with others, but that she continued to struggle in all three areas. (AR 485). Defendant relies on this basis, as a valid and unchallenged reason for the ALJ’s decision to discount Plaintiff’s statements. (Dkt. 17). In reply, Plaintiff contends that improvements in a clinical setting do not equate to the ability to sustain full-time work, the report was not reflective of her overall symptoms, and the decision lacked specificity or explanation by the ALJ. (Dkt. 18 at 2-3).

The Court finds the ALJ’s reasoning and reliance on the speech language pathology report was not a clear and convincing reason for discrediting Plaintiff’s

symptom statements. Most notably, because earlier in the decision the ALJ relied on the same speech language pathology progress report and the very same reasoning when finding Plaintiff had a marked limitation in her ability to interact with others. (AR 19, 21). The ALJ's decision is therefore internally inconsistent - relying on the same evidence and reasoning to find a marked limitation as was used to discredit Plaintiff's symptom statements related to the same functional limitation. Given this inconsistency, the Court finds the ALJ's rationale on this basis was not clear enough to have the power to convince. *Smartt*, 53 F.4th at 499.

Based on the foregoing, the Court finds the ALJ failed to provided a specific, clear, and convincing reason for rejecting Plaintiff's statements. This error was harmful because had the ALJ credited Plaintiff's statements and the evidence reflecting that Plaintiff was unable to independently engaged in <u>all</u> daily activities and her difficulties with interpersonal relationships - including being unable to leave home without a parent, perform chores without reminders, and interact with others - the disability determination would have been different. (AR 43-44, 49, 194-195) (claimant's symptom testimony and VE's testimony that inability to leave home without a family member would preclude employment); *Rounds v. Comm'r Soc. Sec. Admin*., 807 F.3d 996, 1007 (9th Cir. 2015) (ALJ error is harmless if it is "inconsequential to the ultimate nondisability determination.").[3]

[3] Because remand is warranted on the first issue, the Court declines to address Plaintiff's remaining issues. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand.").

### 2. Remand For Additional Proceedings is Appropriate

Plaintiff requests remand for an immediate award of benefits. (Dkt. 16, 18). The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). In general, when the Court reverses an ALJ's decision "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke*, 379 F.3d at 595. However, where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Harman*, 211 F.3d at 1179.

In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014); *Garrison*, 759 F.3d at 1020. Under this analysis, the Court considers whether: 1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; 2) the record has been fully developed and further proceedings would serve no useful purpose; and 3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all three requirements are met, the decision whether to remand a case for additional evidence or to award benefits is left to the court's discretion. *Treichler*, 775 F.3d at 1101–02. Where the circumstances of the case suggest that further administrative review could remedy the Commissioner's errors, remand is appropriate. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011).

Here, the Court considered whether to remand for an award of benefits. The first requisite is met based on the ALJ's harmful legal error. However, upon a careful review, the Court finds the evidence in this case does not conclusively establish Plaintiff is disabled under the Social Security disability regulations. Rather, the record is sufficiently ambiguous such that the evidence must be weighed and evaluated properly by the ALJ in the first instance, making remand for an immediate award of benefits inappropriate. *Treichler*, 775 F.3d at 1101 (remand for proceedings rather than for an immediate award of benefits serves a useful purpose where "the record has [not] been fully developed [and] there is a need to resolve conflicts and ambiguities."). Thus, there is not sufficient evidence to direct a finding that Plaintiff is disabled and entitled to an award of benefits. For these reasons, the Court will reverse and remand the ALJ's decision for further administrative proceedings. The ALJ should reassess the entire record in making the disability determination on remand.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that:

1. The decision of the Commissioner of Social Security is **REVERSED**.

2. This action shall be **REMANDED** to the Commissioner for further proceedings consistent with this opinion.

3. This Remand shall be considered a "sentence four remand," consistent with 42 U.S.C. § 405(g) and *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

DATED: September 29, 2026

Honorable Debora K. Grasham
United States Magistrate Judge